UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWESI MUHAMMAD,<br><br>    Plaintiff,<br><br>  v.<br><br>CRAIG KOENIG, et al.,<br><br>    Defendants. | Case No. 24-cv-07884-AMO (PR)<br><br>**ORDER SERVING COGNIZABLE CLAIM; AND SETTING BRIEFING SCHEDULE** |

## I. INTRODUCTION

Plaintiff Kwesi Muhammad, a state prisoner currently incarcerated at Correctional Training Facility ("CTF"), has filed a civil rights action pursuant to 42 U.S.C. § 1983, representing himself and alleging constitutional violations that took place at CTF in 2020. Dkt. 1. Muhammad has also filed a motion for leave to proceed *in forma pauperis*, which will be granted in a separate written Order. Dkt. 2.

Muhammad names as Defendants the following: Former CTF Warden Craig Koenig and CTF Chief Executive Officer for Health Care Bayode Omosaiye. Dkt. 1 at 2.[1] Muhammad seeks monetary and punitive damages. *Id.* at 6.

The Court now conducts its initial review of the complaint pursuant to 28 U.S.C. § 1915A. Venue is proper in this judicial district because most of the events giving rise to Muhammad's claims in his complaint are alleged to have occurred at CTF, which is located here. *See* 28 U.S.C. § 1391(b).

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Muhammad.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). Pleadings submitted by self-represented plaintiffs must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Further, liability may be imposed on an individual defendant if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if they engage in an affirmative act, participates in another's affirmative act or fails to perform an act which they are legally required to undertake, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633; *see, e.g.*, *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (finding that a prison official's failure to intervene to prevent Eighth Amendment violation may be basis for liability). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Leer*, 844 F.2d at 633.

A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or

directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "'Supervisory liability is imposed against a supervisory official in [their] individual capacity for [their] own culpable action or inaction in the training, supervision, or control of [their] subordinates, for [their] acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (citations omitted). Under no circumstances is there respondeat superior liability under section 1983. *Taylor*, 880 F.2d at 1045.

Finally, Federal Rules of Civil Procedure Rule 8 requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, Rule 8(e) requires that each averment of a pleading be "simple, concise, and direct." *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quotation and citation omitted). A complaint that fails to state the specific acts of the defendant that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a). *See Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

### B. Legal Claims

Muhammad alleges that Defendants Koenig and Omosaiye "failed to take reasonable measures to abate the substantial risk of harm posed to [Muhammad] by COVID-19 in violation of (1) the Eighth Amendment pursuant to 42 U.S.C. § 1983, and (2) supervisory liability pursuant to Section 1983." Dkt. 1 at 5-6. Specifically, Muhammad claims that "[b]etween August and December 2020, CTF's Central Facility was in the midst of a COVID-19 outbreak: over 2,000 inmates contracted COVID-19 (including [Muhammad] on 11/11/20)." *Id.* at 4. As the former warden, Defendant Koenig "was responsible for ensuring CDCR employees and/or agents properly adhered to safety protocols and the manner in which officials caused, addressed, or failed to address how inmates were released for showers to ensure proper social distancing during the

COVID-19 pandemic." *Id.* Meanwhile, Defendant Omosaiye "was[,] and is, the Chief Executive Officer for Health Care at CTF . . . [and] a policy making official concerning medical care and health at CTF and served as a prisoner advisor in institution-specific application to healthcare policies and procedures" including, "preventing and handling contagious disease outbreaks at CTF." *Id.* at 5.

Muhammad claims that Defendants Koenig's and Omosaiye's "inexplicable failure to distribute readily available KN95 respirators to [Muhammad] to mitigate his further exposure to COVID-19 during a five month long outbreak at CTF recklessly exposed [Muhammad] to foreseeable, actual, and particularized danger from a serious, communicable disease, which in its severest form caused death." *Id.* at 5. Muhammad claims that as a direct result of contracting COVID-19 on November 11, 2020, he "now suffers from long COVID and post COVID-19 related chronic fatigue syndrome." *Id.* at 3. Liberally construed, Muhammad has stated claims for relief under the Eighth Amendment against Defendants Koenig and Omosaiye. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (prison official is deliberately indifferent if he or she knows that prisoner faces substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it).

### III.  CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Muhammad's allegations relating to the actions, or more specifically the *failure* to act, of Defendants Koenig and Omosaiye state a cognizable Eighth Amendment claim.

2. The following defendant(s) shall be served at CTF: **Former CTF Warden Craig Koenig and CTF Chief Executive Officer for Health Care Bayode Omosaiye.**

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service pilot program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk of the Court is directed to serve on CDCR via email the following documents: the operative complaint, this order of service, a CDCR Report of E-Service Waiver form and a summons. The Clerk shall serve by mail a copy of this order on the plaintiff.

4

No later than **forty (40) days** after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office, which, within **twenty-one (21) days**, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 form and copies of this order, summons, and operative complaint for service upon each defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. No later than **thirty (30) days** from the date of this Order, the defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a. No later than **sixty (60) days** from the date their answer is due, the defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[2] notice so that the plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under this Circuit's case law, in the rare event that

---

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

1  a failure to exhaust is clear on the face of the complaint, the defendants may move for dismissal
2  under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule
3  12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*,
4  315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative
5  remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a
6  defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is not clear on
7  the face of the complaint, the defendants must produce evidence proving failure to exhaust in a
8  motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most
9  favorable to the plaintiff shows a failure to exhaust, the defendants are entitled to summary
10 judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be
11 denied and the district judge rather than a jury should determine the facts in a preliminary
12 proceeding. *Id.* at 1168.

13 If the defendants are of the opinion that this case cannot be resolved by summary
14 judgment, the defendants shall so inform the Court at least **seven (7) days** prior to the date the
15 summary judgment motion is due. All papers filed with the Court shall be promptly served on the
16 plaintiff.

17       b. The plaintiff's opposition to the dispositive motion shall be filed with the
18 Court and served on the defendants no later than **twenty-eight (28) days** after the date on which
19 the defendants' motion is filed.

20       c. The plaintiff is advised that a motion for summary judgment under Rule 56
21 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you
22 must do in order to oppose a motion for summary judgment. Generally, summary judgment must
23 be granted when there is no genuine issue of material fact—that is, if there is no real dispute about
24 any fact that would affect the result of your case, the party who asked for summary judgment is
25 entitled to judgment as a matter of law, which will end your case. When a party you are suing
26 makes a motion for summary judgment that is properly supported by declarations (or other sworn
27 testimony), you cannot simply rely on what your complaint says. Instead, you must set out
28 specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,

6

as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

The plaintiff also is advised that—in the rare event that the defendants argue that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse the defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

    d.    The defendants shall file a reply brief no later than **fourteen (14) days** after the date the plaintiff's opposition is filed.

    e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

4.    Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to the defendants to

depose the plaintiff and any other necessary witnesses confined in prison.

5. All communications by the plaintiff with the Court must be served on the defendants' counsel by mailing a true copy of the document to them.

6. It is the plaintiff's responsibility to prosecute this case. The plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a self-represented party whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the self-represented party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the self-represented party indicating a current address. *See* L.R. 3-11(b).

7. Future requests for extensions of time must be submitted at least **seven (7) days** prior to the expiration of a deadline, as required by Section D.2 of the Court's Standing Order for Civil Cases.

**IT IS SO ORDERED.**

Dated: May 19, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**